McCORMICK, Respondent, v. BEEMAN, Appellant.

(170 N. W. 135).

(File No. 4373.  Opinion filed December 31, 1918.  Rehearing denied March 12, 1919.)

1.  Trials—Pleadings—Vendor's Suit on Note for Broker's Commission, Payable on Payment of Purchase Note—Vendor's Cancellation of Sale Notes—Plaintiff's Allegations, Fraud as Issue—Question for Jury.

In a suit upon promissory notes given as broker's commission on a sale of defendant's realty, which notes provided that they were given with the understanding that they would not be due until the respective vendees paid certain purchase money notes arising out of the sale, held, that plaintiff's allegation that defendant, after giving the notes in suit, and without plaintiff's consent or knowledge, cancelled and compromised the claim represented by said purchase money notes for certain valuable considerations unknown to plaintiff, and thereby attempted to cheat and defraud plaintiff out of his money due on the notes in suit, sufficiently raised the issue of fraud and of good faith on defendant's part, as against a demurrer ore tenus, and justified trial court in submitting to jury question of defendant's good faith in making the settlements.

2.  Negotiable Instruments—Suit on Broker's Commission Notes Payable On Realty Purchase Notes Payment—Fraud Re Cancellation of Purchase Notes—Sufficiency of Evidence—Directing Verdict.

In a suit on broker's commission notes arising out of a sale of defendant's realty through plaintiff's services, which notes were made payable upon payment of certain initial purchase money notes running to defendant, held, that evidence that

various purchase money notes were given defendant by the vendees under contracts calling for such notes and for certain initial cash payments, that various further payments were made upon the notes, which were overdue, in money and moneys worth, and that at the time when defendant settled with vendees and cancelled said notes the land was worth from $3 to $5 an acre more than when sold, was sufficient to warrant trial court in refusing to direct verdict for defendant, and warranted jury in finding that defendant did not act in good faith toward plaintiff in compromising and cancelling the notes.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by C. C. McCormick, against H. F. Beeman, to recover upon promissory notes. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Boyce, Warren & Fairbank,* and *Jacobson & Murray,* for Appellant.

*Parliman & Parliman,* for Respondent.

(2) To point two, Appellant cited:

9 Corpus Juris, 631; Roach v. McDonald, (Ala.) 65 So. 823; Seymour v. St. Lukes Hospital, 50 N. Y. S. 989, affirmed, 53 N. E. 1132.

Respondent cited:

Joyce on Defenses to Commercial Paper, Sec. 343, p. 448; Vandemol v. Dougherty (Bennett 11) 17 Mo. 277; Meyer v. Company, 148, N. W. 452; Lawler v. Armstrong, 102 p. 775; Pinkerton v. Hudson (Ark.), 113 S. W. 35.

GATES, J.   Action upon two promissory notes given by defendant to plaintiff, one of which contained the following provision:

"This note is given with the understanding that it will not be due and payable until A. D. Babcock, pays his $1,200.00 note March 1, 1915, and that when said note is paid in full, this note will fall due and be paid of said proceeds."

The other note contained similarly worded provisions with the substitution of the H. B. Kelly note of $1,000 due December 1, 1914, in lieu of the A. D. Babcock note of $1,200 due on March 1, 1915.

The jury returned a verdict for plaintiff. From the judgment and an order denying a new trial defendant appeals. The notes

were given by defendant to plaintiff for his commission as broker in making the sale of certain lands for defendant to the said Babcock and Kelly. Small cash payments were made and contracts of sale providing for deferred payments evidenced by promissory notes. Upon refusal of the purchasers to live up to the contracts, the defendant settled with the purchasers, canceled the contracts, and surrendered the unpaid notes. Neither of the promissory notes referred to in the promissory notes in suit was ever paid. The trial court charged the jury, in substance, that, if defendant acted in good faith and without disregard of plaintiff's rights in making the settlements with the purchasers, plaintiff could not recover; but that, if defendant did not act in good faith toward plaintiff, the latter could recover. This statement of law is not objected to by appellant as an abstract proposition, but he contends that there was no sufficient evidence to warrant the submission of the issue to the jury, and that the issue was not within the pleadings. We think appellant is mistaken as to both propositions.

[1] The cause of action in the complaint relating to the Babcock note contained the following allegation:

"That after the giving of the said note above described and without the consent or knowledge of this plaintiff, the defendant did settle, cancel, and compromise the claim represented by the A. D. Babcock note above described, for a certain sum of money and other valuable consideration not known to this plaintiff, and did thereby attempt to cheat and defraud this plaintiff out of his money due on the said note above described."

The cause of action in the complaint relating to the Kelly note contained a similar allegation. As against a demurrer ore tenus, this was a sufficient allegation to justify the court in submitting to the jury the question of defendant's good faith in making the settlements.

[2] As going to the good faith of appellant in making the settlements, the evidence tended to show the following: That the contract of sale between defendant and Babcock was dated September 3, 1914, and that at that time plaintiff's commission had been fully earned. That the Babcock contract recited the payment of $5 cash and the giving of notes for deferred payments due on or before the following dates: $200 on January 1, 1915; $995, March 1, 1915; $400, December 1, 1915; $400, December 1, 1916;

$400, December 1, 1917; $400, December 1, 1918; $400, December 1, 1919; and $1,600, December 1, 1920. That the first note in suit was dated February 3, 1915, at a time that Babcock was in default in paying the first note. That upon the settlement defendant received $50 in cash, and that at that time the land was worth from $3 to $5 more per acre than at the time of entering into the contract. That the contract between defendant and Kelly was dated August 19, 1914, and that at that time plaintiff's commission had been fully earned. That the Kelly contract recited the payment of $200 in cash and the giving of notes for deferred payments due on or before the following dates: $200, October 1, 1914; $1,000, December 1, 1914; and $3,800 in 10 equal annual payments beginning December 1, 1915. That the sum of $200.10 was paid on December 3, 1914, on the $200 note due October 1, 1914, and that the following indorsement appeared on the $1,000 note due December 1, 1914: "By cattle $350 to apply on note October 10, 1914." That the second note in suit was dated February 3, 1915, at a time that Kelly was in default in paying the remainder of the $1,000 note due December 1, 1914. That upon the settlement defendant received an assignment of the crop lease of 1915 in addition to the above payments, and that at that time the land was worth from $3 to $5 more an acre than at the time of entering into the contract.

We are not disposed to disagree with the trial court in its refusal to direct a verdict for defendant, nor with the conclusion of the jury that in making the settlements the defendant did not act in good faith towards the plaintiff.

The judgment and order appealed from are affirmed.